## HYKEL v STATE OF FLORIDA

Case No. 88-1029CF

Nineteenth Judicial Circuit, Martin County

August 29, 1989

### APPEARANCES OF COUNSEL

**John H. Lipinski,** for appellant.

**Nita G. Denton,** for appellee.

### OPINION OF THE COURT

DWIGHT L. GEIGER, Chief Judge.

This is an appeal from the Martin County Court wherein appellant was convicted of and sentenced for reckless driving, fleeing and attempting to elude an officer, resisting an officer without violence, and assault.

On March 31, 1989, an off-duty Stuart City police officer, Bruce Onizchak, and his family were traveling on Palm City Road within the city limits of Stuart, Florida. Appellant was driving a Corvette automobile and approached the Onizchak vehicle from the rear at a high rate of speed and attempted to pass by pulling in and out of traffic. Appellant finally did pass the Onizchak vehicle and cut it off. The

officer used his walkie talkie and reported appellant as a dangerous driver to the police department dispatcher.

Officer Onizchak then observed appellant make an illegal turn onto northbound U.S. 1 and continue to drive at a high rate of speed. The officer maintained visual contact and followed appellant. Appellant pulled into and then back out of a car wash as on-duty Stuart Police Officer Jensen arrived. Officer Jensen was in a marked patrol car and activated its lights and sirens and followed appellant until she lost sight of him when her patrol car broke down.

A few minutes later Officer Onizchak spotted appellant's Corvette at a shopping center parking lot. Officer Onizchak saw appellant in a supermarket and entered the market and approached appellant. He identified himself as a police officer, and told appellant he was under arrest. Appellant, who weighs 300 pounds, began walking towards the officer. Officer Onizchak pushed appellant back, turned aside, and grabbed appellant's collar. Appellant and Officer Onizchak struggled, and appellant was handcuffed and arrested.

During all relevant times Officer Onizchak was in plain clothes and was driving an unmarked vehicle. Appellant contends that he was acting out of fear during the incident because he did not know Onizchak was a police officer until they were inside the supermarket.

Appellant raises several issues on appeal. His first contention that the trial transcript is incomplete and insufficient to provide appellant with a meaningful appeal is without merit.

Likewise appellant's second claim that the trial court erred in its preliminary remarks to the jury does not require reversal. Appellant did not make any contemporaneous objection to any of these remarks, and the trial court did correctly instruct the jury that the defendant is presumed innocent and that the state has the burden of proving the defendant guilty to the exclusion of and beyond a reasonable doubt. It is doubtful appellant properly preserved his appeal on this issue, however considering the nature of the challenged comments, any improprieties were cured by this noted instruction beyond a reasonable doubt. (See *Stte v Di Guilio,* 491 So.2d 1129 (Fla. 1986).)

Next, appellant contends that the trial court erred in refusing to give a requested defense jury instruction on the justifiable use of force. A careful review of the record shows that appellant did not introduce any evidence to support this defense theory and did not admit to using any force. The trial court did not err in refusing to give the requested instruction.

20

Finally, appellant claims that the evidence was not sufficient beyond a reasonable doubt to convict the appellant of assault or resisting an officer without violence. *Bermil Corp. v Sawyer,* 353 So.2d 579, 583 (Fla. 3d DCA 1977) holds that the appellate court is not to substitute its judgment for that of the jury on disputed questions of fact. The record here reflects that there was competent substantial evidence to support the jury's verdict and its finding of guilt beyond a reasonable doubt.

Based on the above reasons, the conviction and sentence appealed are AFFIRMED.

DONE AND ORDERED this 29th day of August in chambers.